■ In the Matter of FASHION MERCHANTS ASSOCIATES, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for a redetermination of deficiencies in its tax assessments for the fiscal years 1968 through 1971. Petitioner, the parent corporation of Diversified Foods, Inc., (Diversified) and Weiner Enterprises, Inc., (Weiner) filed ·a combined franchise tax return with Diversified in 1968 and combined returns with Diversified and Weiner in 1969, 1970 and 1971. In August, 1972 the Corporation Tax Bureau sent notices of deficiencies to petitioner which were based upon a claim that

petitioner and its subsidiaries had paid insufficient franchise taxes for the years in question based upon an incorrect calculation of the value of subsidiary capital. The notices of deficiencies were affirmed by respondent by decision dated April 19, 1974. This controversy arises from two contracts for the purchase of stock entered into by the subsidiaries: (1) A 1967 agreement by which Diversified contracted to purchase all of the outstanding shares in David Fox & Sons, Inc., Poultry Delivery Corp., and D. Fox Sales, Inc., for 2.45 million dollars and (2) a 1967 agreement by which Weiner contracted to purchase all of the outstanding shares of Alexandra Girl Coat Corp., and Weather Smiles, Ltd., for five million dollars. The question presented is whether there is substantial evidence on this record to support respondent's conclusion that in placing a value on the subsidiary capital of Diversified and Weiner the contract prices under the two 1967 agreements were properly used by the Corporation Tax Bureau in determining fair market value. We conclude that this determination was not based upon substantial evidence and must be annulled. In making its determination that the "fair market value" of the assets acquired was "properly based upon the purchase price", the respondent cited section 3.34 of the rulings of the State Tax Commission which provides in part: "Fair market value. (a) The fair market value of any asset owned by the taxpayer is the price at which a willing seller, not compelled to sell, will sell and a willing purchaser, not compelled to buy, will buy * * * (c) If actual sales prices * * * are not available * * * or for any other reason such prices are not truly indicative of value, the fair market value is ascertained (1) in the case of shares of stock, on the basis of the issuing corporation's net worth, earning power, book value, dividends paid, and all other relevant factors" (20 NYCRR 3.34). Although the agreements in the instant matter are somewhat ambiguous, they both sharply restrict the remedies of the sellers on default by providing that their damages are limited to delivery of stock certificates and resignations of officers and directors which were held in escrow. The Diversified agreement provides that the seller's liquidated damages are limited to sums paid on the contract to the date of the default. The Weiner agreement gives the seller the right to sell the stock upon its receipt from the escrow agent, but provides that in no event will the purchaser be liable for any deficiency. In the proceedings before respondent, petitioner argued that because of the obvious benefits to the buyers arising from these provisions in both contracts, the price paid for the shares of stock was far above fair market value. Although no evidence to the contrary was advanced because respondent's decision does not mention petitioner's arguments it appears that respondent found that these default provisions had no effect on fair market value. Administrative interpretations of their own regulations are entitled to great weight, but they do not bind the court (1 NY Jur, Administrative Law, § 108). In the instant case, because of the strong and unrefuted evidence that the "actual sales prices * * * are not truly indicative of value" (20 NYCRR 3.34 [c]), we find that the respondent's conclusion that the fair market value of the stock in question was based upon the selling price rather than upon the other factors set forth in the regulation, as to which petitioner introduced ample testimony at the hearing, was not based upon substantial evidence. Determination annulled, without costs, and matter remitted for a determination of petitioner's franchise tax liability in accordance with standards contained in 20 NYCRR 3.34 [c] [1]. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.